UNITED STATES of America

v.

Elvin GOMEZ, Defendant.

CR 90–106–1 (JBW).

United States District Court,
E.D. New York.

March 17, 1994.

Zachary W. Carter, U.S. Atty., Brooklyn, NY by Martin Coffey, for U.S.

The Legal Aid Soc., Brooklyn, NY by Jan Rostal, for defendant.

*AMENDED MEMORANDUM
AND ORDER*

WEINSTEIN, Senior District Judge.

The defendant, a long time petty criminal and heroin drug addict, pled guilty to distribution of cocaine. In December 1990, he was sentenced by this court pursuant to the Sentencing Guidelines to two years of imprisonment and five years of supervised release.

■ He is now charged with violating the conditions of his supervised release. Because his failure to conform was caused in part by the inability of the Probation Department to adequately respond to his self-reported heroin addiction, and because the defendant will be tried in state court and, if convicted, will be sentenced to a substantial prison term for essentially the same crime, he is sentenced to time served.

Mr. Gomez was released from federal prison on October 31, 1991. Supervised release under the tutelage of the Eastern District's Probation Department began at once. Defendant is an intelligent, handsome and well built man, now 26 years of age. After being "dried out" for two years in prison he was ready to "kick" his habit. Soon after his release he began working full-time as a warehouseman in Queens. He was laid off on two occasions due to a slowdown of business and he was rehired each time when business increased. Mr. Gomez's supervisor was "pleased with his performance and his attitude toward his tasks and co-workers."

Probation had the defendant tested regularly for drugs. Mr. Gomez showed no sign of illicit drug use. On October 6, 1993, he informed his probation officer that he had been using heroin since a recent "break-up" with his girlfriend and he needed "help." He recognized his problem and agreed to enter a residential drug treatment program as a special condition of his continued supervised release. The Probation Department had no available program. It gave him a note to Woodhull Hospital, a City owned institution in Brooklyn. On October 14, 1993 he attended an initial screening at the hospital and was told to come back in a month because

there was no space in any residential drug treatment program open to the public. Apparently, a methadone maintenance program was also not immediately available.

Mr. Gomez slipped back into full daily heroin use, lost his job, and reverted to crime to obtain funds for the purchase of heroin. On October 23, 1993, he was arrested by the City of Yonkers Police Department and charged with robbery. Mr. Gomez and another man had pushed a woman to the ground and had run off with her purse. The defendant told the arresting officers that he had committed the robbery for money to support his drug habit.

In this court, Mr. Gomez pled guilty to a failure to conform to the conditions of supervised release. He freely admitted to the Yonkers crime and was obviously "fed up" with his own conduct.

■ The Sentencing Commission's Policy Statements on Violations of Probation and Supervised Release recommend that in circumstances of a relapse such as the defendant's, the defendant be imprisoned for 15–21 months. Policy Statements 7B1.3(a)(1) and 7B1.4(a). The Policy Statements are nonbinding recommendations. *United States Sentencing Commission Guidelines Manual* at 321 (1993).

There was a high probability that Mr. Gomez could have been saved for useful life if the Probation Department had had the resources to place him in a proper drug treatment program as soon as his relapse into heroin addiction was identified. It is well known that even after a period of successful treatment and a period of abstinence, hardcore heroin addicts can be expected to relapse into their former addiction. Constant supervision with renewed treatment as required must be available. *See* Amy Singer, *Effective Treatment for Drug–Involved Offenders: A Review and Synthesis for Judges and Other Court Personnel* at 162–172 (Education Development Center, Inc. ed., 1992); Dr. Michael Weinstein, M.D., Seminar at Federal Courthouse, Brooklyn, New York (Feb. 15, 1994) ("Even after treatment and a period of abstinence, relapses are common.").

Probation has limited drug rehabilitation facilities. It can provide maintenance treatment to some persons on supervised release—though funds for drug testing for this program have been drastically cut. It does not have its own in-patient facility. It must rely on the in-patient treatment centers available to the public. The long wait for limited bed space means that Probation Officers sometimes cannot adequately supervise the people in their care. In this defendant's case, his heroin addiction was identified, but proper and timely treatment was not available. The robbery he committed could have been avoided by in-patient treatment.

Mr. Gomez will be prosecuted in state court on the robbery charge. Having freely admitted his guilt under oath, he will, the court is informed, probably receive a 4–12 year term of imprisonment. An additional lengthy prison sentence for his violation of the conditions of his supervised release would effect double punishment. *Cf. United States v. McCormick,* 992 F.2d 437 (2d Cir.1993).

The court regrets the inadequacies of the criminal justice-probation-medical systems to provide necessary coordinated drug treatment. In the instant case the victim on the street of Yonkers has good cause to complain about our criminal justice system that has let her down. This is the kind of crime that can and should have been avoided. Taxpayers—who soon will expend hundreds of thousands of dollars for defendant's state incarceration—will also dearly pay for our failure to supply adequate treatment and control of drug abusers.

The defendant is sentenced to time served on this violation, three and a half months. He is remanded to the custody of the state. The state is free to impose the full additional penalty of state criminal law for his Yonkers offense.

SO ORDERED.